HALL, Judge.
Defendants, Evans and Bolton, appeal from a judgment in favor of the City of Monroe granting a preliminary injunction enjoining them from interfering with the City’s efforts to remove a tree obstructing the landing path of Runway 13 of the Monroe Regional Airport. In earlier proceedings brought by the City against Evans, a consent or compromise judgment recognized the City as the owner of the tree. This appeal is a sequel to a previous appeal in which this court set aside a contempt judgment against Evans because it was found that his interference with removal of the tree did not amount to contempt because his actions did not violate a direct order of the court. See City of Monroe v. Evans, 385 So.2d 912 (La.App.2d Cir. 1980).
Following that decision, the City sought an injunction directly ordering defendants not to interfere with removal of the tree. After a hearing on a rule to show cause why a preliminary injunction should not be granted, judgment was rendered ordering the issuance of the preliminary injunction, from which judgment both defendants perfected a suspensive appeal.
On appeal, both defendants, represented by the same counsel, specify that the trial *919 court erred (1) in not granting a continuance of the hearing on the preliminary injunction; and (2) in granting the injunction absent a showing of irreparable injury to the plaintiff.
We affirm as to defendant Evans and reverse as to defendant Bolton.
The petition for an injunction was filed June 13, 1980 and the rule to show cause was issued that date setting the hearing for June 18. Evans was not served until June 17. The record does not show that Bolton was ever served, although he or his attorneys received notice of the hearing late in the day on June 17.
At the hearing on June 18, Evans appeared in proper person and made no objection to proceeding to trial. Bolton was represented by counsel, who moved for a continuance because of the short notice and inadequate time to prepare for trial. The motion was overruled and the hearing proceeded as to both defendants.
LSA-C.C.P. Art. 3602 provides that a preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing. The article mandatorily provides:
“An application for a preliminary injunction shall be assigned for hearing not less than two nor more than ten days after service of the notice.”
By failing to object to the hearing being held less than two days after service of the notice on him, Evans waived the delay provided in the article. There was and is no showing that he was prejudiced by the holding of the hearing on the scheduled date, particularly since he was entirely familiar with the facts and issues involved in this litigation which has been going on for many years.
As to the defendant Bolton, the trial court should have granted the continuance under the mandatory provisions of Article 3602. A hearing on an application for a preliminary injunction cannot be held less than two days after service of notice on the defendant, where the defendant objects or moves for a continuance. The judgment against Bolton based on the hearing held contrary to procedural law must be set aside.
The district court properly ordered the issuance of an injunction against defendant Evans. By the consent judgment previously rendered, the City was recognized as the owner of the tree and acquired the corresponding right to go upon the property and remove the tree. Upon a showing that defendant Evans had interfered with the City’s exercise of its rights under the judgment, the City was entitled to judgment restraining defendant from further interfering with the exercise of the City’s rights, there being no other adequate remedy at law.
For the reasons assigned, the judgment is affirmed as to defendant Evans. The judgment against the defendant Bolton is reversed and set aside. The action is remanded to the district court for such further proceedings as may be appropriate. Costs of the appeal are assessed to the defendant Evans.